ROYAL WEST AIRWAYS, INC., AND EDWARD S. COLEMAN, APPELLANTS, v. VALLEY BANK OF NEVADA, RESPONDENT.

No. 17615

December 31, 1987                    747 P.2d 895

*Marquis & Haney,* Las Vegas, for Appellants.

*Jones, Jones, Close & Brown* and *John E. Leach,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In December, 1980, respondent Valley Bank of Nevada ("Valley Bank") financed the purchase of a DC-3 airplane by appellant Royal West Airways, Inc. ("Royal West") and perfected a security interest in the airplane. Appellant Edward S. Coleman ("Coleman") signed a demand note both as President of Royal West and individually, and in February, 1981, executed a personal guaranty of the loan. Royal West and Coleman defaulted on the loan during 1981.

In January, 1981, Valley Bank filed a complaint which alleged that it had a security interest in and lien on the airplane, stated its intent to foreclose the lien, take possession of the airplane pursuant to Article 9 of the Uniform Commercial Code and sell the plane pursuant to court judgment. At the same time Valley Bank also caused an ex parte writ of attachment to be issued pursuant to NRS 31.010. Royal West's attempt to dissolve the writ of attachment was denied by the district court.

The Clark County sheriff took possession of the airplane and parked it in a dormant lot at McCarran Airport for storage. When the sheriff attached the DC-3 in early 1982 its value was about $150,000.00 and the outstanding debt was $140,300.00. At the time of trial in April, 1985, the airplane's estimated value was $20,000.00 and it was apparently sold in November of 1986 for $26,000.00. The DC-3 declined in value because it had been left unattended and exposed to the elements, causing corrosion, rust and tears to the control surfaces, metal elements and engines.

The district court rendered judgment in favor of Valley Bank for the amount of the loan default plus interest, costs and attorney's fees. The judgment totaled $235,000.00. The district court concluded that the obligations imposed by the UCC on creditors to maintain secured property in the creditor's possession, NRS 104.9202(1), and make a commercially reasonable sale, NRS 104.9504(3), did not apply because Valley Bank chose to pursue a remedy from a separate statutory scheme. We disagree with the district court's conclusions and remand for further findings of fact.

This court has long recognized that the UCC provides cumulative remedies and duties upon creditors and debtors. NRS

104.9501(1). The district court found that because Valley Bank chose a non-UCC remedy, namely, the writ of attachment pending sale on the judgment, in collecting Royal West's loan, the UCC duties should not apply. Valley Bank contends that attachment gave the sheriff exclusive control over the airplane. Valley Bank suggests that the sheriff's alleged control allows Valley Bank to deny responsibility for the decline in the airplane's value, justify its failure to dispose of the collateral during the three years before trial, and claim the full value of the deficiency judgment.

In the instant case, we hold that even though the sheriff attached the airplane pursuant to a court-ordered writ of attachment, Valley Bank should be bound by its Article 9 obligation as a secured party in possession of the security. Article 9 applies to security interests. The documents which Valley Bank prepared in order to obtain attachment suggest that Valley Bank sought its right of possession pursuant to Article 9. Valley Bank officials believed that they controlled the airplane after attachment. Moreover, the record suggests that the existence of an Article 9 security interest was one of the reasons the trial court issued a writ of attachment. Valley Bank should not be allowed to have the benefit of a perfected security interest and at the same time avoid the obligations which Article 9 imposes on a secured creditor. The UCC clearly applies even though Valley Bank sought non-UCC remedies.

The UCC requires secured parties to "use reasonable care in the custody of and preservation of collateral in his possession. . . ." NRS 104.9207(1). See Harris v. Bower, 295 A.2d 870, 876 (Md. 1972) (holding repossessed property without caring for it and allowing it to "depreciate at a ruinously progressive rate" not reasonable). Also, under the UCC a secured party seeking to dispose of security must do so "in a commercially reasonable manner." NRS 104.9504(1). See Michigan National Bank v. Marston, 185 N.W.2d 47, 51 (Mich.Ct.App. 1970). The neglect of the airplane and the change in its market value indicate that Valley Bank did not satisfy its duty to care for and dispose of the collateral.

The district court erred in not applying the UCC obligations to the instant case. We therefore reverse and remand the case for further hearings. On remand the district court should determine whether Valley Bank breached its duty to assure that the secured property was properly preserved and that it proceeded in a commercially reasonable manner during the period of attachment. A new judgment should be entered accordingly.[1]

---

[1]Counsel advised the court that they have no objections to THE HONORABLE C. CLIFTON YOUNG sitting in this case because of personal association with the trial judge.